UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DANIELS, SR.,

    Plaintiff,

v.

JUDGE MONIQUE A. SHARPE,
*et al.*,

    Defendants.
_____/

Case No. 25-12279

Hon. F. Kay Behm

**ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS*, DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER,
<u>AND DISMISSING COMPLAINT</u>**

Plaintiff Todd D. Daniels, Sr., filed a complaint, an application to proceed *in forma pauperis,* and a motion for temporary restraining order on July 24, 2025. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

    Plaintiff's claims relate to a proceeding in Michigan's 36th District Court. Plaintiff alleges that he attempted to "serve the 36th District Court and Judge Monique A. Sharpe with a Writ of Superintending Control" but neither the court administrator nor the judge's clerk would accept the filing. He alleges that the 36th District Court "does not resemble a lawful court" and that "these acts form part of a broader criminal enterprise maintained under color of law, wherein officials knowingly operate without lawful jurisdiction or authority, trafficking litigants into administrative proceedings without constitutional due process or consent." ECF No. 1. Plaintiff seeks a "writ of quo warranto," writ of superintending control, and a writ of mandamus to direct the court clerk to perform ministerial duties. Plaintiff also moves for a temporary restraining order, requesting that this court stay

2

all proceedings in state court, because he "cannot receive a fair hearing in the 36th District Court." ECF No. 3.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); see *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Courts look to three factors to determine whether they should abstain under *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643 (citation omitted). Abstention is required "if federal intervention would cause even minimal interference" with "a state proceeding and the federal issue can be raised in the state proceeding." *J. P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981); see also *Aaron v. O'Connor*, 914 F.3d 1010, 1018 (6th Cir. 2019).

Here, the relief sought by Plaintiff, whether staying the proceedings or directing the service/filing of papers, would cause undue interference in the state court proceedings. Further, Plaintiff's allegations, such as those labeling the 36th District Court as a "criminal enterprise," are largely

3

frivolous. To the extent Plaintiff has nonfrivolous due process or other constitutional claims, they may be raised in the 36th District Court or on appeal in state court. Under the circumstances, this court is obligated to abstain from exercising jurisdiction over this matter under the *Younger* doctrine.

Accordingly, it is **ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED,** the motion for temporary restraining order is **DENIED**, and the complaint is **DISMISSED.**

**SO ORDERED.**

Dated: July 29, 2025                                   s/F. Kay Behm
                                                       F. Kay Behm
                                                       United States District Judge